UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E. MAURICE HENDERSON, JR., and
TERRIE W. HENDERSON,

    Plaintiffs,

v.	Case No. 12-11484
	HON. AVERN COHN

AURORA LOAN SERVICES, LLC. and
UNKNOWN TRUSTEE,

    Defendants.

_____/

## ORDER REMANDING STATE-LAW CLAIMS

This is a case challenging foreclosure proceedings. Plaintiffs have named Aurora Home Loan Services, LLC (Aurora) and an "Unknown Trustee as trustee on behalf of the asset-backed-security in which the Mortgage at issue was pooled" as defendants. The complaint asserts several claims under state law and one claim under federal law, as follows:

| | |
|---|---|
| Count 1 | No Proof of Ownership of Loan/Authority to Foreclose |
| Count 2 | MI Foreclosure by Advertisement Statute |
| Count 3 | MI Statutory Modification Law |
| Count 4 | Tortious Interference with Contractual Relations |
| Count 5 | Civil Conspiracy |
| Count 6 | Declaratory Relief - Foreclosure Barred by Unclean Hands |
| Count 7 | Breach of Contract - Implied Duty of Good Faith and Fair Dealing |
| Count 8 | Intentional Fraud |

    Count 9        Constructive Fraud

    Count 10      Promissory Estoppel

    Count 11      Unjust Enrichment

    Count 12      Federal Fair Debt Collection Practices Act

    Count 14[1]     MI Fair Debt Collection Practices Act

    Count 15      Accounting

Aurora removed the case to federal court on the grounds of diversity of citizenship under 28 U.S.C. § 1441(b) and federal question under 28 U.S.C. § 1441(a). Thereafter, Aurora filed a Counter Complaint and Third-Party Complaint for Judicial Foreclosure against plaintiffs and naming Mortgage Electronic Registration System as a third-party defendant.[2]

Before the Court is plaintiffs' motion to remand on the grounds that (1) removal was improper because the "Unknown Trustee" did not consent to the removal, and (2) Aurora has not demonstrated diversity of citizenship under 28 U.S.C. §1332.  Aurora filed a response, contending that (1) the "Unknown Trustee" was not properly served and therefore no consent was necessary and (2) removal was proper based on federal question jurisdiction.

---

[1] The complaint does not contain a Count 13.

[2] In the motion to remand, plaintiffs requested that the Court, among other things, relieve them of their obligation to answer the counter complaint until the motion to remand was resolved.  This was a reasonable request under the circumstances.  However, before the Court could consider the request, Aurora requested Clerk's entries of defaults against plaintiffs for not timely answering the Counter Complaint.

III.

Putting aside whether the "Unknown Trustee" was properly served such that its consent was required for removal, or whether its citizenship is sufficient to establish diversity jurisdiction, the latter of which is not certain from the record, it is clear that the complaint presents a federal question which confers jurisdiction.

However, the sole federal claim asserts a violation of the Fair Debt Collection Practices Act, is against Aurora only.  Although supplemental jurisdiction exists over the state-law claims under 28 U.S.C. § 1367(a), a district court may decline to exercise supplemental jurisdiction if the state-law claims raise "novel or complex" issues of state law, "substantially predominate[] over the claim or claims over which the district court has original jurisdiction," or if "there are other compelling reasons for declining jurisdiction." Id. § 1367(c)(1), (c)(2), (c)(4).  Here, plaintiffs' state-law claims present novel issues of state law, substantially predominate over the federal claim, and would be more appropriately adjudicated by a state court.  See Padilla v. City of Saginaw, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).  Thus, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims.  Accordingly, Counts 1-11, and 14-15 are REMANDED to Wayne County Circuit Court.

SO ORDERED.

Dated:  June 29, 2012         S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 29, 2012, by electronic and/or ordinary mail.

                              S/Tanya Bankston on behalf of s/Julie Owens
                              Case Manager, (313) 234-5160

3